IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  9:18-cv-80545-DMM/BRANNON

SREAM, INC., a California corporation, and
ROOR INTERNATIONAL BV, a Foreign corporation,

                Plaintiffs,

v.

THE SMOKERS EDGE, LLC d/b/a
THE SMOKERS EDGE, a Florida corporation,

                Defendant.
_____

THE SMOKERS EDGE, LLC d/b/a
THE SMOKERS EDGE, a Florida corporation,

                Third-Party Plaintiff,

v.

H&H DISTRIBUTOR INC.,

                Third-Party Defendant.
_____/

**DEFENDANT/JUDGMENT CREDITOR'S MOTION
FOR WRIT OF GARNISHMENT AFTER JUDGMENT**

Defendant/Judgment Creditor THE SMOKERS EDGE, LLC d/b/a THE SMOKERS EDGE, a Florida Corporation ("Judgment Creditor"), by its undersigned counsel, pursuant to Federal Rule of Civil Procedure 64 and Fla. Stat. § 77.01, *et seq.*, files this Motion for Writ of Garnishment After Judgment, as to **Garnishee SSS Tobacco Inc.**

1.      On February 7, 2019, the Court entered a Final Judgment [DE No. 60] in favor of Defendant/Judgment Creditor and against Plaintiffs/Judgment Debtors SREAM, INC., a

CASE NO.:  9:18-cv-80545-DMM/BRANNON

California Corporation, and ROOR INTERNATIONAL BV, a Foreign Corporation ("Judgment Debtors").

2.      Thereafter, on February 4, 2020, the Court entered an Order Awarding Attorney's Fees in favor of the Judgment Creditor [DE No. 77] for the total amount of $32,155.00 (the "Fee Order").

3.      The Judgment Creditor has reason to believe that SSS Tobacco Inc. owes a debt and/or holds funds which are owed to Judgment Debtors, which may be able to satisfy the Fee Order.

4.      Pursuant to Federal Rule of Civil Procedure 64(a), "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  Fed. R. Civ. P. 64(a).  Federal Rule of Civil Procedure 64(b) provides that "the remedies available under this rule include . . . garnishment."  Fed. R. Civ. P. 64(b).

5.      Fla. Stat. § 77.01, provides in pertinent part:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person.

6.      "[I]n order to garnish funds owed by a defendant to other parties, a plaintiff must first procure leave of court to issue a writ of garnishment."  *Alejandre v. The Republic of Cuba*, 64 F. Supp. 2d 1245, 1247 (S.D. Fla. 1999).

7.      The court that issued the final judgment has jurisdiction to issue the writ of garnishment.  *Burshan v. National Union Fire Ins. of Pittsburgh, P.A.*, 805 So. 2d 835, 843 (Fla.

CASE NO.: 9:18-cv-80545-DMM/BRANNON

4th DCA 2001) (a post judgment garnishment proceeding under chapter 77 of the Florida Statutes is an "extension of the original cause of action, its purpose is to collect on a judgment in existence."); *Goldenkoff v. Gen. Accident Fire and Assurance Co.*, 116 So. 2d 780, 781 (Fla. 3d DCA 1960) ("proceedings in garnishment are . . . ancillary to, and in the enforcement of, the final judgment render in the cause where the court obtained 'original jurisdiction' and rendered judgment.").

8. Accordingly, in compliance with Federal Rule of Civil Procedure 64 and Fla. Stat. § 77.01, *et seq.*, the Judgment Creditor requests the issuance by the Clerk of the Writ of Garnishment attached as Exhibit 1 directed to **Garnishee SSS Tobacco Inc.**

WHEREFORE, Defendant/Judgment Creditor THE SMOKERS EDGE, LLC d/b/a THE SMOKERS EDGE, respectfully requests the entry of an Order directing the Clerk to issue the proposed Writ of Garnishment against **Garnishee SSS Tobacco Inc.**, together with such other and further relief as this Court may deem just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

CASE NO.: 9:18-cv-80545-DMM/BRANNON

Dated: March 25, 2020             Respectfully submitted,

_____
WAYNE H. SCHWARTZ (Bar No. 907390)
schwartz@leeamlaw.com
Lee & Amtzis, P.L.
5550 Glades Road, Suite 401
Boca Raton, FL 33431
Telephone: (561) 981-9988
**Counsel for Defendant**
**THE SMOKERS EDGE, LLC d/b/a**
**THE SMOKERS EDGE**

CASE NO.: 9:18-cv-80545-DMM/BRANNON

## SERVICE LIST

**Attorneys for Plaintiffs**
**SREAM, INC. and ROOR INTERNATIONAL BV**

The Ticktin Law Group, PLLC
Jamie Sasson, Esq.
Chezare A. Palacios, Esq.
Kendrick Almaguer, Esq.
serv513@legalbrains.com
serv555@legalbrains.com
270 S.W. Natura Avenue
Deerfield Beach, FL 33441

**THIRD-PARTY DEFENDANT**

H&H Distributor, Inc.
c/o Haji G. Memon
10934 N.W. 61st Court
Parkland, FL 33076

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW