UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. l8-80545-CIV-MIDDLEBROOKS

SREAM, INC., a California Corporation, and
ROOR INTERNATIONAL BV, a Foreign
Corporation,

    Plaintiffs,

v.

THE SMOKERS EDGE, LLC, d/b/a
THE SMOKERS EDGE, a Florida Corporation,
RAYMOND POTEET, and JULIA POTEET,

    Defendants.
_____/

## **ORDER DENYING DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT**

THIS CAUSE is before the Court upon Plaintiffs' Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) filed by Plaintiffs Sream, Inc and Roor International BV on March 3, 2020. (DE 78). Defendant, The Smokers Edge, responded on March 16, 2020. (DE 80). Plaintiffs replied on March 30, 2020. (DE 88). For the following reasons, Defendants' Motion is denied.

### BACKGROUND

This is a trademark case about a water pipe sold by Defendant, a store which sells smoker's products. (DE 59 ¶ 3). Defendant is owned by Raymond and Julia Poteet.[1] In December of 2015, Ms. Poteet purchased a single water pipe from a distributer and sold it for $15.90 in her store. (DE 59 ¶¶ 6,7). This water pipe bore the mark "RooR," which, unbeknownst to her,[2] was a counterfeit

---

[1] Raymond and Julia Poteet were originally named as Defendants, but were dismissed before trial. (DE 49).
[2] I found that "Julia Poteet's testimony was credible in that the Poteets were unaware of the counterfeit nature of one or more pipes in their shop." (DE 59 at 7).

mark. (DE 59 ¶¶ 6,8). Authentic RooR pipes are of a much higher quality than the pipe sold by Defendant; for example, authentic RooR pipes never use rubber grommets. (DE 59 ¶ 11).

Based on the sale of this counterfeit pipe, Plaintiffs initiated a trademark action against Defendant on April 26, 2018. (DE 1). This case proceeded to a bench trial on February 4, 2019. (DE 52).

At trial, I considered whether Defendant's allegedly infringing acts violated the Lanham Act by analyzing whether Defendant (l) "had prior rights to the mark at issue and (2) whether "defendant had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two.'" *Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1289 (S.D. Fla. 2016) (quoting *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d l 188, 1193 (11th Cir. 2001)). In determining whether Defendant's use of the mark would create consumer confusion, I considered the seven factors set forth by the Eleventh Circuit: (1) type of mark; (2) similarity of mark; (3) similarity of the products the mark represents; (4) similarity of the parties' retail outlets and customers; (5) similarity of advertising media; (6) defendant's intent; and (7) actual confusion. *See Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, l92 F.3d 1330, 1335-41 (11th Cir. 1999), *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 122 F.3d 1379, 1382 (11th Cir. 1997).

I found that Plaintiffs had failed to satisfy the final five factors. Significantly, I found that "the quality of the counterfeit pipe Defendant sold was so poor, and the price at which it was offered was so far below market value, that there would be almost no likelihood that any person would be deceived, aside from the most naïve consumer." (DE 59 at 7). Accordingly, I entered judgment in favor of Defendant. (DE 60).

On March 21, 2019, Defendant moved for attorney's fees under the Lanham Act. (DE 70). The Lanham Act states that a court may award a prevailing party reasonable attorney's fees "in

2

exceptional cases." 15 U.S.C. § 1117(a). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). I found that this case was exceptional and accordingly entered an Order awarding Defendant $32,155.00 in attorney's fees. (DE 77). Plaintiffs now seek reconsideration of my Order Awarding Attorney's Fees.

## LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure allows a trial court to entertain a motion to alter or amend a judgment if such motion is made within 28 days after the entry of the judgment. Here, I entered my Order Awarding Attorney's Fees on February 4, 2020 (DE 77) and Plaintiffs filed this Motion on March 3, 2020 (DE 78). Accordingly, the Motion is timely.

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999)). "The decision to alter or amend judgment is committed to the sound discretion of the district judge." *Lawson v. Singletary*, 85 F.3d 502, 507 (11th Cir.1996) (quoting *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir.1985)).

Rule 59(e) is not a vehicle through which litigants may simply ask the Court to reconsider issues that were previously fully evaluated and analyzed. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) ("[A party] cannot use a Rule 59(e) motion to relitigate old matters . . ."). Instead, a Rule 59(e) motion should be granted only where the court "overlooked or misapprehended" arguments raised by a party. *Perry v. Comm'r, Fla. Dep't of Corr.*, No. 18-14549-E, 2019 WL 1953304, at *1 (11th Cir. Mar. 28, 2019).

**DISCUSSION**

In my Order Awarding Attorney's Fees, I analyzed the exceptional nature of Plaintiffs' case on three grounds. I addressed those grounds in sections of the Order which are titled 1) Proceeding Despite Unsuccessful Discovery, 2) Failure to Investigate the Distributor and 3) Laches. Each section addressed an independent basis upon which Plaintiffs' case could be considered exceptional. I concluded that "in combination" these three grounds supported an award of attorney's fees. Plaintiffs now argue that "[i]t follows then that if this Court were not right in the application of law or analysis in any one of the three grounds, the entire exceptional case finding and consequently the Order should be altered." (DE 88). This is incorrect. Although these factors were considered in combination, I do not find that all three are necessary to support an award of fees. The exceptional nature of a case is a holistic inquiry and should be analyzed as such.

    **I.**    **Proceeding Despite Unsuccessful Discovery**

In my Order Awarding Attorney's Fees, I concluded that once Plaintiffs determined through discovery that there was no *evidence* of consumer confusion, they should have settled this case, as there was limited evidence to support a *likelihood* of consumer confusion. Plaintiffs argue that there was a reasonable likelihood of consumer confusion, and in any case, that Plaintiffs' decision to proceed with this case does not make it exceptional within the meaning of the Lanham Act.

Before considering the substance of Plaintiffs' arguments, it is necessary to discuss the present posture of this case. Plaintiffs have moved for reconsideration only of my Order Awarding Attorney's Fees. Plaintiffs are *not* seeking reconsideration of my Order setting forth findings of fact and conclusions of law following the bench trial held on February 4, 2019 (DE 59). Indeed, Plaintiffs *could not* move for reconsideration of that Order, as the time do so has long since expired. Still, in the present Motion, Plaintiffs make several arguments which appear aimed at undermining

4

my prior factual findings and/or legal conclusions. I find that such arguments are inappropriate and I decline to substantively consider them.

Specifically, in my Order Following Bench Trial, I stated that:

> I found quite persuasive the testimony from Plaintiffs' own witnesses that the quality of the counterfeit pipe Defendant sold was so poor, and the price at which it was offered was so far below market value, that there would be almost no likelihood that any person would be deceived, aside from the most naïve consumer. Indeed, it seems unlikely that a customer this naïve would visit a smoke shop like Defendant's. On these facts, Plaintiffs did not establish likelihood of consumer confusion, and this is fatal to their trademark infringement and false designation of origin claims.

(DE 53 at 7). Relying upon that finding, I concluded in my Order Awarding Attorney's Fees that, given the discrepancies between the pipes, the inference of consumer confusion was weak and thus it was unwise for Plaintiffs to proceed to trial. (DE 77 ay 5).

Plaintiffs now argue that a consumer could "very well could have thought that RooR introduced a cheaper line of water pipes near a $15 price point." (DE 78 at 4). If Plaintiffs believed this argument undermined my finding as to the likelihood of consumer confusion, Plaintiffs should have raised this argument in a Motion for Reconsideration of my Order Following Bench Trial. However, Plaintiffs did not do so. Accordingly, at this juncture Plaintiffs are only entitled to argue that even though "there would be almost no likelihood that any person would be deceived, aside from the most naïve consumer," such a finding does not make this case exceptional, so as to support an award of attorney's fees. For the reasons discussed in my Order Awarding Attorney's Fees, I find such an argument unavailing.

## II.     Failure to Investigate the Distributor

In my Order Awarding Attorney's Fees, I determined that Plaintiffs' position was undermined as Plaintiffs chose to proceed against *only* the seller, rather than the distributor, of the counterfeit RooR pipe. I noted that the distributor had likely caused Plaintiffs much greater harm, as Defendant appears to have sold only one, and in no case more than eight, counterfeit pipes.

5

Plaintiffs are, of course, correct that regardless of the extent of the harm "a single instance of trademark infringement is nonetheless an unlawful act for which the Lanham Act" and that Plaintiffs were therefore entitled to pursue this action. (DE 78 at 9). However, as I determined in my Order Following Bench Trial, Plaintiffs lacked the requisite intent to support liability. This lack of intent is supported by the small number of sales transactions at Defendant's store. The distributor, however, would be much more likely to possess the requisite intent, and therefore would have been a more appropriate defendant. Regardless, I find that my reasoning in the other two sections are sufficient, in and of themselves, to support for an award of attorney's fees.

### III.    Laches

The equitable defense of laches requires the moving party to show "(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Kason Industries, Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1203 (11th Cir. 1997). Plaintiffs argue that I erroneously found that their delay in bringing this action was prejudicial. In my Order Following Bench Trial, I found that, regarding laches, "Defendant demonstrated that the delay caused prejudice because Defendant was ultimately unable to effectively pursue a claim against the now-defunct third party distributor, H&H." (DE 53 at 8). Plaintiffs now argue that "[a]ccording to Sunbiz records, H&H Distributor Inc was an active corporation until September 27, 2019" and thus "had the Defendant been found liable to the Plaintiffs, the Defendant could have sought a Default Judgment against H&H Distributor and recovered the damages it owed the Plaintiffs from H&H Distributor." (DE 78 at 13-14). Again, if Plaintiffs believed that my Order Following Bench Trial was in error, Plaintiffs should have moved for reconsideration of that Order. Plaintiffs failed to do so and thus are bound by my findings in that Order. Therefore, I decline to reconsider this finding.

6

Plaintiffs also argue that a 28-month delay in filing this case does not constitute a sufficient delay to support the defense of laches. In support, Plaintiffs cite an Eleventh Circuit decision which states that the statute of limitations for analogous state law claims is the "touchstone" for laches under the Lanham Act. *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1141 (11th Cir. 2018). Plaintiffs also argue that their delay in bringing this action was not unreasonable given the number of other defendants against which they were proceeding. I considered this argument in my prior Order, stating that:

> Plaintiffs argue that the delay in bringing this suit was not unreasonable because Plaintiffs were investigating more than one hundred instances of retail infringement and the volume of litigation made it impracticable to initiate this action sooner. Plaintiffs further argue that laches should not apply because this suit was filed within the four-year statute of limitations. I do not find Plaintiffs' delay here to have been excusable or reasonable.

(DE 53 at 8). Plaintiffs did not dispute this finding and therefore are limited to arguing that an inexcusable and unreasonable delay does not support an award of attorney's fees. I find this argument unavailing.

Therefore, upon due consideration of Plaintiffs' Motion and the arguments contained therein, I do not find that Plaintiffs have identified any manifest error of law sufficient to support a contrary finding as to the award of attorney's fees. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Alter or Amend Judgment (DE 78) is **DENIED**.

**SIGNED** in Chambers in West Palm Beach, Florida, this 10th day of April, 2020.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE